J-S15026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY L. BILLINGER | : | |
| | : | |
| Appellant | : | No. 1091 WDA 2018 |

Appeal from the Judgment of Sentence Entered July 17, 2017
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000463-2017

BEFORE:   GANTMAN, P.J.E., SHOGAN, J., and COLINS*, J.

MEMORANDUM BY SHOGAN, J.:                **FILED MAY 24, 2019**

Anthony L. Billinger ("Appellant") appeals from the judgment of sentence entered after he pled guilty to possession with intent to manufacture or deliver a controlled substance, 35 P.S. § 780-113(a)(30), and possession of a firearm prohibited, 18 Pa.C.S. § 6105(a)(1). Appellate counsel has filed a petition for leave to withdraw her representation and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), which govern withdrawal from representation on direct appeal. We grant counsel's petition for leave to withdraw and affirm.

According to the criminal complaint filed in the underlying matter, officers executed a search warrant at Appellant's residence in Erie, Pennsylvania, at 1:30 p.m. on January 3, 2017. During the search, officers

_____
*   Retired Senior Judge assigned to the Superior Court.

recovered significant quantities of cocaine, heroin, marijuana, and a loaded semi-automatic handgun. Criminal Complaint, 1/3/17, at 2.

Appellant entered a guilty plea to the above-noted charges on July 17, 2017, and the trial court sentenced him the same day to incarceration for an aggregate period of eighty-seven to 174 months, consecutive to any other sentence Appellant was serving. N.T., 7/17/17, at 13. Appellant filed a motion to reconsider/modify his sentence, which the trial court denied. Motion for Reconsideration-Modification of Sentence, 7/27/17; Order, 8/3/17. Appellant did not file an appeal. Subsequently, Appellant filed a *pro se* motion for collateral relief on July 5, 2018, seeking reinstatement of his direct appeal rights, which the trial court granted on July 12, 2018. This appeal followed.[1]

Before we address any questions raised on appeal, we must resolve appellate counsel's request to withdraw. ***Commonwealth v. Cartrette***, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on direct appeal. The procedural mandates are that counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional

---

[1] Because appellate counsel filed a Statement of Intent to File an ***Anders*** brief in lieu of a Pa.R.A.P. 1925(b) statement, the trial court did not file a substantive opinion pursuant to Pa.R.A.P. 1925(a). Memorandum Opinion, 9/27/18. Similarly, the Commonwealth did not file a responsive brief. Commonwealth Letter, 2/4/19.

arguments that the defendant deems worthy of the court's attention.

*Id.* at 1032 (citation omitted).

In this case, those directives have been satisfied. Within the petition to withdraw, counsel averred that she conducted a conscientious review of the record and pertinent legal research. Following that review, counsel concluded that the present appeal is frivolous. ***Anders*** Brief at 9. Counsel sent Appellant a copy of the ***Anders*** brief and petition to withdraw, as well as a letter, a copy of which is attached to the petition to withdraw. In the letter, counsel advised Appellant that he could represent himself or that he could retain private counsel. Appellant has not filed any additional documents with this Court. Application to Withdraw, 1/11/19, at Exhibit 1.

We now examine whether the ***Anders*** brief satisfies the Supreme Court's dictates in ***Santiago***, which provide that:

> in the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Cartrette***, 83 A.3d at 1032 (quoting ***Santiago***, 978 A.2d at 361).

Counsel's brief is compliant with ***Santiago***. The brief sets forth the procedural history of this case, outlines pertinent case authority, and discusses counsel's conclusion that the appeal is frivolous. ***Anders*** Brief at 4,

7, 9. We thus conclude that counsel has met the procedural and briefing requirements for withdrawal.

Counsel has identified the following issue that Appellant believes entitles him to relief: "Whether [Appellant's] sentence is manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Sentencing Code?" ***Anders*** Brief at 3. Specifically, Appellant argues that "the trial court abused its discretion in sentencing Appellant to such a lengthy period of incarceration, given the mitigating factors of his case" and his remorse. ***Id.*** at 7–8.

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." ***Commonwealth v. McAfee***, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original). Whether a particular issue constitutes a substantial question about the appropriateness of a sentence is a question to be evaluated on a case-by-case basis. ***Commonwealth v. Kenner***, 784 A.2d

808, 811 (Pa. Super. 2001). As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. *Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. Super. 2006). An appellant must articulate the reasons the sentencing court's actions violated the sentencing code. *Id.*

Herein, Appellant has met the first three requirements of the four-part test. Appellant brought an appropriate appeal, raised the challenge in a post-sentence motion, and included in his appellate brief the necessary concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). Therefore, we next determine whether Appellant raises a substantial question requiring us to review the discretionary aspects of the sentence imposed by the trial court.

In his Rule 2119(f) statement, Appellant acknowledges that the trial court sentenced him within the Sentencing Guidelines. *Anders* Brief at 5. He argues, however, that the case involves circumstances where the application of the Guidelines would be clearly unreasonable. *Id.* (citing 42 Pa.C.S. § 9781(c)(2)). Appellant suggests that the trial court failed to consider his rehabilitative needs, the gravity of the offenses, and the impact of the crimes on the victims and community at large. *Id.* (citing 42 Pa.C.S. 9721(b)). This Court has found a substantial question exists where there is an allegation that the sentencing court failed to consider the factors set forth in 42 Pa.C.S. § 9721(b). *See Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super.

- 5 -

2006) (concluding that the appellant raised a substantial question where it was alleged that the trial court failed to properly consider the factors set forth in 42 Pa.C.S. § 9721(b)). Therefore, Appellant has raised a substantial question. As such, we will review the merits of Appellant's sentencing claim.

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. **Fullin**, 892 A.2d at 847. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, an appellant must establish by reference to the record that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision. **Id.**

The sentencing judge has broad discretion in determining the proper penalty, and this Court accords the sentencing court great deference because the sentencing court is in the best position to view a defendant's character, displays of remorse, defiance, or indifference, and the overall effect and nature of the crime. **Commonwealth v. Walls**, 926 A.2d 957, 961 (Pa. 2007) (quotations and citations omitted). When imposing a sentence, the sentencing court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). As we have stated, "a court is required to consider the particular circumstances of the offense and the character of the defendant."

***Commonwealth v. Griffin***, 804 A.2d 1, 10 (Pa. Super. 2002). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." ***Id.*** Additionally, "[o]ur Supreme Court has determined that where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1133 (Pa. Super. 2009) (citation omitted).

Our review of the record reflects that, at the time of Appellant's sentencing, the trial court had received and reviewed a presentence report. N.T., 7/17/17, at 12–13. Further, the trial court heard argument from Appellant's counsel, which focused upon Appellant's rehabilitative potential, remorse, and acceptance of responsibility. ***Id.*** at 6–7. The trial court then heard Appellant's allocution and the prosecutor's position. ***Id.*** at 8–12. Prior to announcing the judgment of sentence, the trial court referred to the statements of counsel, Appellant's statement, and the presentence investigation report, which detailed Appellant's criminal history and the seriousness of the instant crimes. ***Id.*** at 12–13.

Upon review, we conclude that the trial court did not abuse its discretion in imposing the instant sentence. The court had the benefit of a presentence investigation report and considered the factors set forth in 42 Pa.C.S.

§ 9721(b) in imposing the sentence. Accordingly, Appellant's contrary claim lacks merit.

Finally, we have independently reviewed the record in order to determine whether there are any non-frivolous issues present in this case that Appellant may raise. ***Commonwealth v. Yorgey***, 188 A.3d 1190, 1198-1199 (Pa. Super. 2018) (*en banc*). Having concluded that there are no meritorious issues, we grant Appellant's counsel permission to withdraw, and we affirm the judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/24/2019